UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DUNN & BLACK, P.S., <br><br> Plaintiff, <br> -vs- <br><br> THE UNITED STATES OF AMERICA; and ENVIRONMENTAL RECLAMATION, INC., an Idaho corporation; and JOHN DOE CORPORATIONS 1-10, <br><br> Defendants. <br> -------------------------------------- <br> FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation, and AMERICAN GUARANTY & LIABILITY INSURANCE COMPANY, a New York corporation, <br><br> Intervenors. | NO.  CV-04-0229-LRS <br><br> ORDER DENYING MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Intervenors' Fidelity and Deposit Company of Maryland and American Guaranty & Liability Insurance Company's [Intervenors] Motion for Reconsideration, filed March 11, 2005 (Ct. Rec. 79), without oral argument.  Defendant United States responded to Intervenors' motion for reconsideration (Ct. Rec. 81) on March 18, 2005. Intervenors ask the court to reconsider its order of February 25, 2005, denying Intervenors' Motion for Declaratory Judgment (Ct. Rec. 78).

**DISCUSSION**

Motions for reconsideration serve a limited function.  Under the Federal Rules of Civil Procedure, motions for reconsideration may be made

ORDER DENYING MOTION FOR RECONSIDERATION - 1

pursuant to Rule 59(e). The major grounds for granting a motion to reconsider a judgment are: (1) intervening change of controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *School District No. 1J, Multnomah County Oregon v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). A motion for reconsideration is not appropriately brought to present arguments already considered by the court. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir.1985). Plaintiff does not argue that there has been a change of controlling law, or that new evidence is available, but expressly argues that the Court committed error of law or fact and reconsideration is necessary to prevent a manifest injustice. Ct. Rec. 79, page 2.

Intervenors state that even if the setoff claim of the United States has priority over the Plaintiff's attorney fee lien claim, case authority and relevant statutes do not support the conclusion that the United States' setoff claim should have priority over Intervenors' claim. *Id*. More particularly, Intervenors argue that because "[t]he United States should be treated no differently than any other similarly situated creditor, the United States should have no right to setoff the tax claims that accrued after the ERI claims had already been assigned to Intervenors under well established common law principles." *Id*.

Intervenors assert that once Intervenors completed their performance under the surety bonds, the claims were assigned to them by the operation of law and pursuant to the Indemnity Agreement and the Article 9 security agreement thereby destroying "mutuality." Intervenors argue that they fully performed their obligations under the surety bonds prior to the date that the tax claim against ERI accrued, which provides the basis for

ORDER DENYING MOTION FOR RECONSIDERATION - 2

Intervenors' claim to the judgment fund of $450,000. Performance, Intervenors state, results in Intervenors being equitably subrogated to ERI's claims against the United States, which are represented by the judgment fund. Equitable subrogation causes an assignment by operation of law, effectuating the transfer of collateral, including the interest in the causes of action that resulted in the judgment fund in this case, for which no formal assignment or transfer is necessary. From that point forward, Intervenors reason, they were the real parties in interest, not ERI, which became merely a nominal party. In summary, Intervenors state that the United States cannot setoff against a claim that was assigned before the claim for setoff accrued.

Intervenors argue that the court concluded the United States should have priority over Plaintiff's attorney fee lien claim and Intervenors' interests based on the application of common law setoff principles. Ct. Rec. 79, at 7-8. To clarify, this court ruled, following analysis of the federal lien priority statute and common law, that the United States prevailed under statutory setoff (31 U.S.C. §3728) alone, not common law setoff. Likewise, Intervenors rely on case law that was decided over twenty years before the current version of §3728 was enacted, which case law discusses common law setoff, not statutory setoff. Ct. Rec. 85, at 4 (citing *The Home Indemnity Company v. United States*, 313 F.Supp. 212 (W.D.Mo. 1970).

Finally, Intervenors acknowledge that the lawsuit that resulted in the creation of the judgment fund was between ERI and the United States. Intervenors state that the lawsuit was filed without their knowledge.
///

Intervenors argue that ERI only had a right to act in the capacity of a "constructive trustee" on behalf of Intervenors. The court disagrees.

This case involves a judgment that ERI, not Intervenors, obtained against the government through litigation of ERI's claimed damages suffered as a result of the government's alleged wrongful termination. The funds for these damages are not funds that the government would apply towards the cost of completing the job, but rather funds the government would pay to ERI in settlement of its claim for damages against the government for wrongful termination on the Warren Gap Project.

Intervenors did not or perhaps could not intervene in the Court of Claims lawsuit and as such are bound by the judgment entered therein. ERI was the only party suing the United States and the only recipient of the court's award. Under the facts of this case, the court does not find convincing Intervenors' assignment under state law theory nor the lack of mutuality theory raised in this motion. Accordingly,

**IT IS ORDERED** that Intervenors' Motion for Reconsideration, filed March 11, 2005, **Ct. Rec. 79**, is **DENIED**.

The District Court Executive is directed to file this ORDER and provide copies to counsel.

**DATED** this 18th day of April, 2005.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE